# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HENRY JOSEPH JAQUEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-11-1406-F |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Henry Jaquez, the claimant in this 42 U.S.C. § 1983 proceeding, has filed what he entitles a Declaration for Entry of Default [Doc. No. 22] as to Defendant Justin Jones. Plaintiff maintains that Defendant Jones was properly served on January 9, 2012, but has failed to answer or otherwise respond as of the March 16, 2012, filing of the default request.

As part of his motion to dismiss – filed on March 19, 2012 – Defendant Jones states that he was served on January 17, 2012 [Doc. No. 25]; the process return filed herein confirms this date [Doc. No. 12]. Thus, Plaintiff is mistaken as to the date of service. Defendant Jones further maintains that the undersigned's order requiring service and the filing of a special report [Doc. No. 9, p. 2] provided that an answer or dispositive motion was "due no later than sixty (60) days from the date of service of process on the Defendants."[1] Because sixty (60) days from the January 17, 2012, service date fell on a Saturday,

---

[1] Plaintiff acknowledges that Defendant Jones had, by virtue of this order, sixty (60) days to answer or otherwise respond [Doc. No. 22].

Defendant Jones contends that his responsive motion was timely filed on Monday, March 19, 2012 [Doc. No. 25, pp. 1 -2, n.1].

The undersigned finds that Defendant Jones' reliance on an order of this court was in good faith and, accordingly, that his responsive motion was timely filed. It is recommended that Plaintiff's Declaration for Entry of Default be denied.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that Plaintiff's Declaration for Entry of Default [Doc. No. 22] be denied. The parties are advised of their right to object to this Report and Recommendation by May 9, 2012, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

ENTERED this 19th day of April, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE