## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HENRY JOSEPH JAQUEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-11-1406-F |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

### Defendant Justin Jones

Plaintiff has brought the present action complaining of alleged constitutional violations by various individuals during his incarceration at the Lawton Correctional Facility [Doc. No. 1]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings pursuant to § 636(b)(1)(B) and (C).

### The Complaint

Following his factual description of two alleged instances of excessive force, one of deliberate indifference to his medical needs, and one of cruel and unusual punishment, Plaintiff singles out individual Defendants and Defendant Jones – identified as the director of the Oklahoma Department of Corrections ("ODOC"), *id.* at sequential p. 1 – and makes the following assertions:[1]

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

### Excessive Force - Count I

The defendants in this claim are . . . and ODOC Director Justin Jones. All contributed to this act of excessive force through personal contributions, and through the employment of the individuals who committed these acts. By not following proper procedures, and protocols to prevent these types of abuses from happening, and through allowing the individuals to still work at this facility after such incidents occur.

*Id.* at sequential p. 8.

### Excessive Force - Count II

The Defendants is this claim of excessive force are . . . and Director of Oklahoma Department of Corrections Justin Jones. All of these Defendants contributed to this act of excessive force through personal contributions, through giving orders, through the employment of these individuals, who commited these unconstitutional acts of vilence, by not following proper procedures and protocols, to prevent these type of abuses from happening, and through the allowing of these individuals to still work at this facility after such incidents occurred.

*Id.* at sequential pp. 9 - 10.

### Deliberate Indifference to Medical Needs - Count III

The Defendants in this claim are . . . and Director of ODOC Justin Jones. Through personal acts of deliberate indifference, not following procedure correct, or protocols, and through the employment of the individuals who treated me with deliberate indifference.

*Id.* at sequential p. 11.

### Cruel and Unusual Punishment - Count IV

The defendants in this claim are . . . and ODOC Director Justin Jones. . . . All these individuals personally contributed to this cruel and unusual act through personal contributions, approvals, not following procedures correct, and through employing the individuals who commit haniss acts of unprofessional and very unconstitutional acts.

*Id.* at sequential p. 12.

Plaintiff seeks medical examinations, compensatory and punitive damages, as well as "time relief[2] from ODOC Director Justin Jones," *id.* at sequential p. 5, whom he has sued in both his official and individual capacities. *Id.* at sequential p. 12.

Defendants Jones has filed a motion to dismiss [Doc. No. 25] to which Plaintiff has responded [Doc. No. 31], and the matter is at issue. For the following reasons, it is recommended that Defendant Jones's motion be granted and that Plaintiff's official capacity claims be dismissed with prejudice and that the remaining claims be dismissed without prejudice for failure to state a viable claim for relief.

## **Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the

---

[2]In response to the dismissal motion filed by Defendant Jones, Plaintiff states that he "has made a mistake by asking for clemency [and] would like to waive what I asked as a mistake and a misunderstanding about Defendant Justin Jones modifying any part of my criminal imposed sentence [and] would like to strike my remarks made in this section." [Doc. No. 31, sequential p. 5]. Accordingly, the clemency request made by Plaintiff is not addressed in this report.

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

**Claim for Monetary Damages Against Defendant Jones in his Official Capacity**

Claims for damages against a state employee in his official capacity are construed as claims against the State and are thus barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985) (a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (Eleventh Amendment sovereign immunity barred §1983 claims against prison officials in their official capacities). While a State may waive the defense of sovereign immunity, the State of Oklahoma has not waived its sovereign immunity defense against § 1983 claims brought in federal district court cases. *See Ramirez v. Oklahoma Dep't of Mental Health,* 41 F.3d 584, 589 (10th Cir. 1994).

The Eleventh Amendment forecloses any claim for monetary damages against Defendant Jones in his official capacity, and dismissal with prejudice is recommended.[3]

---

[3]"[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not considered a suit against the state for Eleventh Amendment purposes." *Branson School District RE-82 v. Romer,* 161 F.3d 619, 631-632 (10th Cir. 1998) (citing *Will*
(continued...)

**Remaining Claims**

Plaintiff's remaining claims against Defendant Jones are likewise flawed. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997)). Plaintiff's allegation that Defendant Jones made "personal contributions," [Doc. No. 1, sequential pp. 8, 10, and 12], is impermissibly conclusory in that it is simply a legal conclusion without any factual allegations as his claim of "personal acts of deliberate indifference." *Id.* at sequential p. 11. Plaintiff fails to allege any facts suggesting that Defendant Jones was personally involved in the actions of which he complains. *See Iqbal,* 129 S.Ct. at 1949. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

As to Plaintiff's contention that Defendant Jones was liable through the employing individuals who allegedly mistreated Plaintiff, [Doc. No. 1, sequential pp. 8, 10,11, and 12], because vicarious liability is inapplicable to a § 1983 claim, Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 129 S.Ct. 1948. This is consistent with established law in the Tenth Circuit holding that § 1983 does not allow a plaintiff to hold an individual government

---

[3](...continued)
*v. Michigan Dep't of State Police,* 491U.S. 58, 71 n. 10 (1989). To the extent Plaintiff seeks prospective injunctive relief, his claims against Defendant Jones in his official capacity are not barred by Eleventh Amendment sovereign immunity. Such claims are, however, subject to dismissal for failure to state a claim upon which relief may be granted.

official liable "under a theory of respondeat superior." *Dodds v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010).

The same holds true with respect to Plaintiff's claim that Defendant Jones did "not follow[] proper procedures, and protocols to prevent these types of abuses from happening," [Doc. No. 1, sequential pp. 8, 10]. Plaintiff makes no claim that Defendant Jones was responsible for a procedure that subjected Plaintiff to a violation of his federally protected rights. Instead, in his response to the dismissal request by Defendant Jones, Plaintiff points to the signature of Defendant Jones on various ODOC policies – systems of incarceration, segregation measures, access to courts – and maintains that Defendant Jones was, consequently, liable because "all contractors are required to meet DOC standards[.]" [Doc. No. 31, p. 2]. In other words, Plaintiff improperly relies on the concept of vicarious liability.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

It is recommended that Defendant Jones's motion to dismiss [Doc. No. 25] be granted and that Plaintiff's claim for monetary damages against Defendant Jones in his official capacity be dismissed with prejudice and that all remaining claims be dismissed without prejudice.

The parties are advised of their right to object to this Report and Recommendation by June 6, 2012, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation

does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 17th day of May, 2012.

/s/ Bana Roberts
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE